NATIONAL PRODUCTS CO., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 6136.   Promulgated July 13, 1927.

1. The provisions of section 278(d) of the Revenue Act of 1924, providing that a tax assessed within the statutory period may be collected by distraint or by a proceeding in court, begun within six years after the assessment of the tax, have no application to an assessment made before the enactment of that Act.

2. Collection of the deficiency asserted in the instant appeal held to be barred by the period of limitation prescribed by law.

*Ewing Laporte, Esq.*, for the petitioner.
*A. R. Marrs, Esq.*, for the respondent.

The petitioner takes this appeal from the action of the Commissioner in denying in part a claim for the abatement of an assessment of income and profits taxes for 1917 of $197,847.78, all of such amount being in excess of the tax shown upon the return filed by the petitioner. The petitioner assigns various errors, some upon the merits of the respondent's determination and others in the nature of pleas in bar upon its contention that collection of the tax is barred by the period of limitation prescribed by statute. The answer of the respondent admits many material allegations with respect to the plea in bar, and the proceeding came on for hearing upon petitioner's motion for judgment on the pleadings, at which time, by agreement of counsel for the parties and on order of the Board, a hearing was had and evidence introduced with respect only to the issues raised by the plea in bar.

### FINDINGS OF FACT.

The petitioner is a West Virginia corporation with its principal place of business in Pittsburgh, Pa.

The petitioner's original income and profits-tax return for 1917 was filed April 29, 1918. Thereafter the petitioner executed and forwarded to the Commissioner a consent, dated February 13, 1923, prepared by the Commissioner and accepted by him on or about February 21, 1923, which reads as follows:

FEBRUARY 13, 1923.

#### INCOME AND PROFITS-TAX WAIVER.

In pursuance of the provisions of subdivision (d) of section 250 of the Revenue Act of 1921, National Products Company, of Pittsburgh, Pennsylvania and the Commissioner of Internal Revenue, hereby consent to a determination, assessment, and collection of the amount of income, excess-profits, or war-profits taxes due under any return made by or on behalf of the said Corporation for the years 1917 under the Revenue Act of 1921, or under prior income, excess-

profits, or war-profits tax Acts, or under Section 38 of the Act entitled "An Act to provide revenue, equalize duties, and encourage the industries of the United States, and for other purposes", approved August 5, 1909. This waiver is in effect for one year from the date it is signed by the taxpayer.

Corporate Seal.                        NATIONAL PRODUCTS COMPANY,
                                                *Taxpayer.*

         (Signed)       By F. W. FINLEY, *President.*
                    D. H. BLAIR—AHF., *Commissioner.*

Attest:

                 (Signed)       M. E. EBERLE, *Secretary.*
Feb. 21, 1923.

Thereafter petitioner executed and forwarded to the Commissioner a consent dated January 7, 1924, prepared by the Commissioner and accepted by him on or about January 10, 1924, which reads as follows:

                                           JANUARY 7, 1924.

### INCOME AND PROFITS-TAX WAIVER.

In pursuance of the provisions of subdivision (d) of section 250 of the Revenue Act of 1921, National Products Company of West Virginia, Pittsburgh, Pennsylvania, and the Commissioner of Internal Revenue, hereby consent to a determination, assessment, and collection of the amount of income, excess-profits, or war-profits taxes due under any return made by or on behalf of the said Company for the year 1917 under the Revenue Act of September 8, 1916, as amended by the Act of October 3rd, 1917. This waiver is effective for one year from date signed by taxpayer.

Corporate Seal.                ˙NATIONAL PRODUCTS COMPANY OF W. VA.
                                                 *Taxpayer,*

————————————(Signed)       By F. W. FINLEY, *President.*
                    D. H. BLAIR—SA., *Commissioner.*

Attest:

                 (Signed)       M. E. EBERLE, *Secretary.*
Jan. 10, 1924.

On March 22, 1924, an assessment of an additional tax of $197,-847.78 for income and profits tax for 1917 was made by the Commissioner, being the tax here involved. On April 14, 1924, the petitioner filed a claim for the abatement of this tax. On July 1, 1925, the Commissioner mailed to the petitioner the deficiency notice in which it was determined that a portion only of the additional tax so assessed should be abated. No part of such additional assessment has been paid. The petitioner filed his petition with the Board on August 10, 1925.

On July 7, 1926, petitioner filed with the collector of internal revenue of the district in which such assessment was made a letter in which it contended that the period of limitations for the collection of the tax had expired and requested that the assessment " be certified back to the Commissioner of Internal Revenue on Form 53." Such form consists of a report by the collector to the Commissioner that taxes assessed have not been collected, that the collector

is unable to collect such taxes and provides for the statement of the reason therefor. The collector filed such form with the Commissioner and, as ground for his failure to collect, attached thereto a copy of the letter from the petitioner claiming that collection was barred. The Commissioner thereafter, on July 17, 1926, signed and delivered to the said collector a schedule known and entitled " Schedule of assessments abated as uncollectible," which authorized the collector to take credit on his accounting forms and records for the taxes thereon specified, which had been. reported as uncollectible and were allowed as uncollectible. Such schedule listed and included the taxes here in controversy. The petitioner was advised by the collector of such action. Thereafter under date of August 28, 1926, the respondent mailed a letter to the said collector with respect to said additional assessment which read in part as follows:

> The Income Tax Unit states that the uncollectible claim has been reconsidered in view of the fact that the case is pending before the United States Board of Tax Appeals. Therefore, it will be necessary for your office to reverse the uncollectible assessment of $180,819.56.
>
> Your accounts should be adjusted by debiting account 6a and crediting account 18 in this amount. Please attach a copy of this letter to the Form 820 in which this transaction is reflected. Appropriate notation should be made on your copy of the schedule.

Thereafter the collector made an entry on his assessment list, purporting to reverse the entry abating the assessment.

## OPINION.

PHILLIPS: The contentions made by the petitioner are divided into two groups: (1) that collection of any additional tax for 1917 is barred by the period of limitation within which such collection may be made, and all liability is extinguished under section 1106(a) of the Revenue Act of 1926; and (2) that the assessment of such additional tax for 1917, having been abated pursuant to the petitioner's claim or request in writing and the period for further assessments having expired, there is no deficiency. The Commissioner contends that under the Revenue Act of 1924 he has six years from the date of assessment within which to collect the tax. The first contention of the petitioner is based upon two grounds: (a) that under the law the period for collection has expired, and (b) that if the statute (Revenue Act of 1924) can be construed to allow a longer period for collection, there is a specific agreement between the petitioner and the respondent, authorized by the Revenue Act of 1921, by which the right to collect expired January 7, 1925.

The consent dated February 13, 1923, was by its express terms in effect only for one year after its date. No action was taken thereunder. Before it expired, a similar consent dated January 7, 1924,

was executed by the parties. It is with the latter that we are principally concerned. This was executed by the parties pursuant to the terms of section 250(d) of the Revenue Act of 1921 which, so far as is here material, provides:

The amount of income, excess-profits, or war-profits taxes due  *  *  * under prior income, excess-profits, or war-profits tax Acts,  *  *  *  shall be determined and assessed within five years after the return was filed, unless both the Commissioner and the taxpayer consent in writing to a later determination, assessment, and collection of the tax; and no suit or proceeding for the collection of any such taxes  *  *  *  shall be begun, after the expiration of five years after the date when such return was filed  *  *  *.

The assessment here involved was made under the provisions of such Act on March 22, 1924.

On June 2, 1924, the Revenue Act of 1924 became effective. This Act, so far as here material, provided:

SEC. 277. (a)  *  *  *  (2) The amount of income, excess-profits, and war-profits taxes imposed by  *  *  *  the Revenue Act of 1916, the Revenue Act of 1917,  *  *  *  shall be assessed within five years after the return was filed, and no proceeding in court for the collection of such taxes shall be begun after the expiration of such period.

SEC. 278.  *  *  *  (c) Where both the Commissioner and the taxpayer have consented in writing to the assessment of the tax after the time prescribed in section 277 for its assessment the tax may be assessed at any time prior to the expiration of the period agreed upon.

(d) Where the assessment of the tax is made within the period prescribed in section 277 or in this section, such tax may be collected by distraint or by a proceeding in court, begun within six years after the assessment of the tax. Nothing in this Act shall be construed as preventing the beginning, without assessment, of a proceeding in court for the collection of the tax at any time before the expiration of the period within which an assessment may be made.

(e) This section shall not (1) authorize the assessment of a tax or the collection thereof by distraint or by a proceeding in court if at the time of the enactment of this Act such assessment, distraint, or proceeding was barred by the period of limitation then in existence, or (2) affect any assessment made, or distraint or proceeding in court begun, before the enactment of this Act.

SEC. 283. This title shall take effect as of January 1, 1924.

SEC. 1100 (a) The following parts of the Revenue Act of 1921 are repealed, to take effect (except as otherwise provided in this Act) upon the enactment of this Act, subject to the limitations provided in subdivisions (b) and (c):

Title II (called " Income Tax ") as of January 1, 1924;

*          *          *          *          *          *          *

(b) The parts of the Revenue Act of 1921 which are repealed by this Act shall  *  *  *  remain in force  *  *  *  for the assessment and collection, to the extent provided in the Revenue Act of 1921, of all taxes imposed by prior income, war-profits or excess-profits tax acts  *  *  *.

The decision of this case is controlled by that of the Supreme Court in *Bowers* v. *New York & Albany Lighterage Co.*, 273 U. S. 346, and collection is barred unless the time for collection was extended by the Revenue Act of 1924.

While the 1924 Act provides that Title II, which includes section 278, shall take effect as of January 1, 1924, it is expressly provided in subdivision (e) of section 278 that such section shall not affect any assessment made before the enactment of the Act. The general provision of the Act must give way before this specific provision. The assessment having been made before the enactment of the 1924 Act, section 278(d), granting six years after assessment within which the tax may be collected, has no application. *United States* v. *Whyel*, 19 Fed. (2d) 260; *United States* v. *Cabot*, 5 Am. Fed. Tax Rep. 6172; *Wilhelm Co.* v. *Heiner*, 21 Fed. (2d) 463. The respondent must then look to the provisions of the Revenue Act of 1921, preserved as to assessment and collection of taxes under that Act and prior Acts, by the saving clause of the Revenue Act of 1924, quoted *supra*. The consent executed under that Act expired on January 7, 1925. Thereafter the collection of any deficiency was barred. The deficiency notice was mailed to the petitioner on July 1, 1925, some six months later and no proceeding to collect had theretofore been taken. Under section 1106 of the Revenue Act of 1926 the statute of limitations not only bars the remedy but extinguishes the liability. There is no deficiency.

Reviewed by the Board.

*Decision will be entered accordingly.*